# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| DONNA REINKE and ROBERT STUART | ) | |
| COHEN, M.D. and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:04-CV-1758 CAS |
| | ) | |
| BANK OF AMERICA, N.A., NATIONS | ) | |
| FUNDS TRUST, AND BANK OF | ) | |
| AMERICA CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

This matter is before the Court on the Motions to Dismiss filed by Defendants Bank of America, N.A. and Bank of America Corporation (hereinafter collectively referred to as "the Bank") and Defendant Nations Funds Trust (hereinafter "NFT"). For the following reason, the Court will grant defendants' motions based on lack of subject matter jurisdiction.

### Background

On December 16, 2004, Plaintiff Donna N. Reinke filed an action in federal court against the Defendants on behalf of herself and others similarly situated. Plaintiff Reinke alleged that she was the beneficiary of the Estate of Margaret Spencer, an estate probated in the State of Washington, and that the Bank and NFT breached their fiduciary and contractual duties with respect to the administration of the estate. The Bank filed a motion to dismiss the complaint or alternatively to transfer to the State of Washington, arguing lack of subject matter jurisdiction based on the amount in controversy. The Bank additionally contended that venue was improper because Plaintiff Reinke's claims had no connection to the State of Missouri and were governed by the laws of the State of

Washington. Defendant NFT also filed a motion to dismiss, asserting that the court did not have subject matter or personal jurisdiction over NFT and that Plaintiff failed to state a claim.

In response, Plaintiff Reinke filed an Amended Complaint, adding the claims of Plaintiff Robert S. Cohen, a Missouri resident. In the Amended Complaint, Plaintiff Cohen alleges that the Defendants breached their fiduciary and contractual duties in the administration of an IRA and various trusts.

On May 9, 2005, Defendant Bank and Defendant NFT filed motions to dismiss the Amended Complaint. The Bank and NFT maintain that this Court should dismiss the Amended Complaint based on lack of subject matter jurisdiction because neither Plaintiff can satisfy the amount in controversy requirement. Defendant Bank also asserts that Plaintiff Cohen's claims should be dismissed because they are subject to arbitration. In addition, the Bank contends that Plaintiff Reinke's claims should be dismissed due to improper venue. NFT argues that it does not have sufficient contacts with Missouri to establish personal jurisdiction, that the allegations against NFT fail to state a claim, and the allegations are not sufficient to pierce the corporate veil and attribute the Bank's actions to NFT.

### Discussion

After carefully reviewing the parties' motions and responses thereto, the undersigned finds that this case should be dismissed for lack of subject matter jurisdiction. Specifically, the Plaintiffs are unable to demonstrate that the amount in controversy meets the $75,000 requirement. Where the court is faced with the issue of whether the plaintiff has failed to satisfy the jurisdictional requirement, the court applies the Federal Rule of Civil Procedure 12(b)(1). Trout v. Peoples Nat'l Bank, 2005 WL 1668258 at *1 (E.D. Mo. July 13, 2005). Further, under Rule 12(h)(3) of the Federal Rules of

Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." District courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1).

"[W]hen a federal complaint alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." Missouri ex rel. Pemiscot County v. Western Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995); see also Trimble v. Asarco, Inc., 232 F.3d 946, 959 (8th Cir. 2000) (*overruled on other grounds by* Exxon Mobil Corp. v. Allapattah Servs., Inc., ___ U.S. ___, 125 S. Ct. 2611 (2005)). "'[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims.'" Trimble, 232 F.3d at 959 (quoting Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990)). "This amount-in-controversy requirement is satisfied 'when a fact finder could legally conclude, from the pleadings and the proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.'" Capitol Indem. Corp. v. 1405 Assoc., Inc., 340 F.3d 547, 549 (8th Cir. 2003) (quoting Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002)). In Exxon Mobil Corp., the United States Supreme Court held that where a well-pleaded complaint contains at least one claim satisfying the amount in controversy requirement, and there are no other jurisdictional defects, the court has original jurisdiction over the entire civil action. 125 S. Ct. at 2620.

Here, in order for this Court to exercise federal jurisdiction, the Plaintiff(s) must demonstrate that at least one Plaintiff can satisfy the amount in controversy requirement. Id. The Defendants

assert, and Plaintiffs do not dispute, that the individual actual monetary damages are less than $75,000.[1] However, Plaintiffs argue that the amount in controversy does exceed $75,000 because the punitive damages, injunctive relief, and/or attorneys fees are far greater than the jurisdictional amount. The undersigned will address each argument in turn.

### Punitive Damages

First, Plaintiffs maintain that each Plaintiff's request for punitive damages more than meets the statutory requirement. The Defendants, on the other hand, assert that Plaintiff Reinke is not entitled to punitive damages because they are not available in the State of Washington. In addition, while Missouri does recognize punitive damages, Defendants argue that Plaintiff Cohen has failed to demonstrate that Defendants acted with a culpable mental state to support an award of punitive damages for the breach of fiduciary duty claims.

Defendants correctly state that punitive damages are unavailable in the State of Washington. See Dempere v. Nelson, 886 P.2d 219, 222 (Wash. App. 1994) ("Washington does not recognize punitive damages."). Therefore, Plaintiff Reinke, whose claims are based upon Washington law, may not rely on punitive damages to establish the requisite amount in controversy.

With regard to Plaintiff Cohen's claims, the Defendants concede that punitive damages are available in the State of Missouri. However, Defendants also assert that Cohen has failed to demonstrate that Defendants acted with a culpable mental state to support an award of punitive

---

[1] Defendants assert that the actual damages for Defendant Reinke total $5,200, and the actual damages for Defendant Cohen equal $21,234. These figures represent the fees associated with the administration of the Spencer Estate and the fees from Cohen's investment. Clearly, neither of these amounts exceeds the requisite $75,000. While Plaintiffs argue that they are also entitled to fees paid to Defendants that are not challenged in this litigation, they cite no authority for this proposition. In fact, Plaintiffs rely on the Reinke amount to support their argument that the ratio of punitive damages to actual damages is not unreasonable. (Plaintiffs' Sur-Reply, p. 5)

damages for the breach of fiduciary duty claims. The undersigned agrees.

"[W]hen determining the amount in controversy, 'a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages.'" <u>Larkin v. Brown</u>, 41 F.3d 387, 389 (8th Cir. 1994) (quoting <u>Zahn v. International Paper Co.</u>, 469 F.2d 1033, 1034 n.1 (2d Cir. 1972), *aff'd*, 414 U.S. 291 (1973), *overruled on other grounds by* <u>Exxon Mobil Corp.</u>, 125 S. Ct. 2611. Further, under Missouri law, "[p]unitive damages require a showing, by clear and convincing proof, of a culpable mental state on the part of the defendant, either by a wanton, willful or outrageous act, or reckless disregard for an act's consequences (from which evil motive is inferred)." <u>Werremeyer v. K.C. Auto Salvage Co.</u>, 134 S.W.3d 633, 635 (Mo. 2004) (en banc) (citations omitted); <u>see also</u> <u>Grewell v. State Farm Mut. Auto. Ins. Co.</u>, 162 S.W.3d 503, 508 (Mo. Ct. App. 2005) ("Punitive damages may be awarded for breach of fiduciary duty upon a clear and convincing showing that the defendant acted with evil motive and reckless indifference to plaintiff's rights.")

Here, Plaintiff Cohen has made no such showing. Indeed, close scrutiny of Plaintiffs' Amended Complaint and their briefs and exhibits demonstrates that they are devoid of any facts or argument showing that they would be entitled to punitive damages. In <u>Kopp v. Kopp</u>, the Eighth Circuit Court of Appeals held that the plaintiff met the amount in controversy requirement because the facts of the case demonstrated that plaintiff could be entitled to punitive damages of more than $75,000 and that the amount would not have to be set aside as excessive under Missouri law. 280 F.3d 883, 886 (8th Cir. 2002). Here, while Plaintiffs argue that the ratio of actual damages to punitive damages would not be excessive, they make no showing whatsoever that the facts of the case would entitle them to punitive damages in the first instance. Plaintiff Cohen's Breach of Fiduciary

Duty claims contain conclusory language that "the Bank and its confederates acted with reckless disregard for plaintiff Cohen's, the Cohens Trusts' and the rights of other Missouri class members . . . ." (Amended Complaint, pp. 33-34). "Although punitive damages are included in the amount in controversy, . . . , the 'existence of the required amount must be supported by competent proof.'" Larkin, 41 F.3d at 389 (quoting Esler v. Northrop Corp., 86 F.R.D. 20, 28 (W.D. Mo. 1979) (internal citation omitted)). Scrutiny of the claim for punitive damages demonstrates that Plaintiffs have failed to support their claim with any proof other than mere conclusions based on information and belief. Thus, the Court concludes it appears to a legal certainty that no reasonable fact finder could award punitive damages such that the actual and punitive damages combined would meet the requisite amount in controversy. See Larkin, 41 F.3d at 389 (dismissing case where Plaintiff could not recover punitive damages under Missouri law based on the record before the court).

### Injunctive Relief

Plaintiffs also argue that their prayers for injunctive relief meet the jurisdictional amount in controversy. Defendants assert that the injunctive relief sought by Plaintiffs is of no value to them, as they are no longer customers of the Bank and no longer have beneficial interests in shares of NFT. Defendants also claim that the named Plaintiffs have no standing to request injunctive relief. The undersigned agrees with the Defendants.

In their Sur-Reply, Plaintiffs do not address Defendants' assertion that Reinke and Cohen lack standing. Plaintiffs do not dispute that they are no longer customers of the Bank and no longer have interests in shares of NFT. Instead, Plaintiffs argue that the cost to NFT and the Bank of the injunctive relief would be substantial, and the court must consider this in determining the amount in controversy.

At the outset, the undersigned finds that Plaintiffs have failed to establish standing, which requires an injury in fact that is (a) concrete and particularized and (b) actual or imminent; a causal connection between the injury and the challenged action; and the likelihood, not mere speculation, that a favorable decision will redress the injury. Smith v. St. Louis Hous. Auth., 132 F. Supp.2d 780, 783 (E.D. Mo. 2001). "[I]n complaints seeking injunctive relief, the 'injury-in-fact' element requires the plaintiff to show that s/he faces a threat of ongoing or future harm." Id. at 784 (citations omitted). Plaintiffs Reinke and Cohen lack standing to request injunctive relief, as they are no longer affiliated with the Defendants and are not under a threat of ongoing or future harm. See, e.g., Grandson v. University of Minnesota, 272 F.3d 568, 574 (8th Cir. 2001) (individual plaintiffs lacked standing to seek prospective injunctive relief in gender discrimination case pertaining to alleged unequal treatment of female student athletes where three plaintiffs had no remaining NCAA eligibility and the other one did not play on a varsity team); Smith, 132 F. Supp.2d at 784 (plaintiffs unable to show standing in case against the housing authority where they were no longer tenants).

Assuming, *arguendo*, that Plaintiffs do have standing, they are unable to show that the value to them would meet the jurisdictional amount. Contrary to Plaintiffs' assertion, Eighth Circuit "precedent requires the district court to rely solely on the plaintiff's viewpoint in meeting the requisite amount." Smith v. American States Preferred Ins. Co., 249 F.3d 812, 813 (8th Cir. 2001) (citations omitted); see also Burns v. Massachusetts Mut. Life Ins. Co., 820 F.2d 246, 248 (8th Cir. 1987).[2]

---

[2] Plaintiffs rely on Fitzgerald Railcar Serv. of Omaha, Inc. v. Chief Indus., Inc., 2005 WL 1154293, at ** 1 (8th Cir. May 17, 2005) for the proposition that "[t]he Eighth Circuit very recently held that to determine the amount in controversy, courts look to the pecuniary effect an adverse declaration will have *on either party to the lawsuit.*" (Sur-Reply, p. 7) However, review of this case indicates that the this was **not** a holding by the Eighth Circuit Court of Appeals. Instead, it is a quotation from a Tenth Circuit case used as a parenthetical explanation. The Fitzgerald court actually held that the plaintiff/tenant had a significant economic stake in

As previously stated, where a well-pleaded complaint contains at least one claim satisfying the amount in controversy requirement, and there are no other jurisdictional defects, the court has original jurisdiction over the entire civil action. <u>Exxon Mobil Corp.</u>, 125 S. Ct. at 2620. In the instant case, by valuing the requested injunctive relief from either Plaintiff Reinke's or Plaintiff Cohen's perspective, it is clear that the value would be less than the required amount in controversy, as neither Plaintiff could benefit from an injunction against the Defendants. Thus, the undersigned finds that the Plaintiff's requested injunctive relief "does not approach any amount near the jurisdictional minimum." <u>J.C. Corporate Mgmt., Inc. v. Resource Bank</u>, 2005 WL 2206086, at *4 (E.D. Mo. Sept. 12, 2005).

## Attorneys' Fees

Finally, the Plaintiffs argue that they are entitled to attorneys' fees which would exceed the jurisdictional amount. Defendants contend that this argument must fail because, in this case, there is no statutory basis for attorneys' fees. The undersigned agrees with the Defendants.

"[O]nly statutory attorney fees count toward the jurisdictional minimum calculation." <u>Rasmussen v. State Farm Mut. Auto. Ins. Co.</u>, 410 F.3d 1029, 1031 (8th Cir. 2005). Plaintiffs have the burden of showing that they meet the jurisdictional amount, and they have not established that they are statutorily entitled to attorneys' fees if they prevail. <u>Id.</u> Therefore, such fees may not be included for amount in controversy purposes. <u>J.C. Corporate Mgmt, Inc.</u>, at *4.

---

continuing the lease at issue that exceeded the jurisdictional requirement. <u>Id.</u> In addition, the <u>Fitzgerald</u> case is unpublished, and, according to Eighth Circuit Rule 28A(i), "[u]npublished opinions . . . are not precedent and parties generally should not cite them."

## Conclusion

The undersigned finds that Plaintiffs are unable to meet their burden of proving that either Reinke or Cohen meets the amount in controversy requirement to invoke federal jurisdiction. Thus, this Court will grant Defendants' Motions to Dismiss for lack of subject matter jurisdiction. Having found that it lacks jurisdiction in this case, the Court will not address the merits of the other arguments contained in Defendants' Motions to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Nation Funds Trust's Motion to Dismiss Amended Complaint [Doc. #33] is **GRANTED for lack of subject matter jurisdiction.**

**IT IS FURTHER ORDERED** that Defendants Bank of America, N.A. and Bank of America Corporation's Motion to: (1) Dismiss all Claims for Lack of Jurisdiction; (2) Dismiss all Claims Asserted by Plaintiff Cohen and to Compel Arbitration; and (I3) Dismiss or Transfer all Claims Asserted by Plaintiff Reinke [Doc. #36] is **GRANTED to the extent set forth in this Memorandum and Order, for lack of subject matter jurisdiction**.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

_____

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of December, 2005.